

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. W. Stakes, General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-4675
Re: Legality of officers
and employees of Texas
Prison System selling
to or buying from the
Texas Prison System.

This will acknowledge receipt of your letter of August 8, 1942 requesting the opinion of this Department upon the following question:

"Please advise us whether or not it is lawful for members of the Prison Board, employees of the Texas Prison System, or any other employees of any State institution or department to have any private business dealings with the Texas Prison System, whether in the nature of a purchase, sale or trade."

Penal Code, Article 352 provides:

"Any officer, agent or employe in any capacity connected with the prison system who shall be financially interested either directly or indirectly in any contract for the furnishing of supplies or property to the prison system, or the purchase of property for the prison system, or who shall be financially interested in any contract to which said prison system is a party, or who shall knowingly and fraudulently sell or dispose of any property belonging to the prison system below its reasonable market value, or who shall be financially interested in any other transaction connected with the prison system shall be confined in the penitentiary not less than two nor more than five years.

Honorable B. W. Stakes, Page 2

Each transaction is a separate offense."

Penal Code, Article 370 provides:

"No officer or employe of the State peni-
tentiaries shall be permitted to purchase any
goods or merchandise or other property from the
State or penitentiary system, except such sur-
plus fruits, vegetables, ice, water, steam and
lights as may be produced or manufactured on the
premises of the penitentiary, or to appropriate
to his private use or employment the labor, ser-
vices or use of any State penitentiary convict,
or of any animal, vehicle or other personal prop-
erty belonging to the State, unless it be by the
express consent of the penitentiary board had by
an order to that effect entered of record on the
minutes of said board, providing for the amount
to be paid by such officer or employe, for the
use, employment and services of such convict or
convicts or the use of any personal property be-
longing to the State; and no employe or officer
using any State property shall be allowed to use
same in keeping boarders for profit unless such
boarder or boarders be in the employ of the State
penitentiary system; and no penitentiary sergeant,
guard or other officer or employe of the peniten-
tiary shall accept or receive any salary or other
compensation from any person or corporation hiring
or otherwise employing State convicts. Any such
officer or employe who shall violate any provision
of this article shall be punished by dismissal
from his office or employment and by a fine of
not less than twenty-five nor more than two hun-
dred dollars and if the conviction be for accepting
or receiving any salary or compensation from a
hirer or employer of State convicts, the party so
convicted shall, in addition to the penalty above
described, be confined in jail not less than one
month nor more than one year.

"Any person or any member of a co-partnership
or firm, or any agent, servant or representative
of such person, co-partnership or firm, or any
officer, agent, servant or representative of any
corporation, hiring or employing State convicts

by contract with the State or penitentiary system of hire, lease, or for any share or portion or per cent of the crops or other products of the labor of such convicts, who shall pay or promise or offer to pay, either directly or indirectly, to any sergeant, guard or other employe of the State having such convicts in charge or under his control, either in whole or in part, in money or other valuable thing, shall be confined in the penitentiary for two years."

Under the provisions of these articles, it is an offense against the laws of this State for any officer or employee of the Texas Prison System to purchase from the Prison System any goods, merchandise, or other property, except such surplus fruits, vegetables, ice, water, steam, and lights as may be produced or manufactured on the premises of the System. It is likewise an offense for such officer or employee of the Texas Prison System to be financially interested in the sale of any property to the Prison System. A trade is simply another form of sale, and is forbidden under the Statutes.

It is also an offense for any officer or employee of the System to appropriate to his private use any animal, vehicle, or other personal property belonging to the System, unless the Prison Board shall enter an order on its minutes expressly permitting such use of prison property and fixing the amount to be paid by the officer or employee for the use of such personal property.

We find no statute prohibiting officers or employees of the State, other than officers and employees of the Prison System itself, from selling to or purchasing from the Prison System. In this connection, however, your attention is directed to that portion of Article 358 which makes it an offense for the officers, agents, or employees of the Prison System to knowingly and fraudulently sell or dispose of any property belonging to the Prison System below its reasonable market value.

We call your attention likewise to the provisions of Penal Code, Article 1548, bearing upon the general subject matter of the private use of prison property by officers and employees of the Prison System. This article provides:

Honorable D. W. Stakes, Page 4

"Any officer or employee of the Prison System who shall fraudulently convert to his own use and benefit any food, clothing, or other property belonging to or under the control of the Prison System, shall be punished as if he had stolen the same."

We trust that the foregoing answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *R.W. Fairchild*

R. W. Fairchild
Assistant

RWF:nw

APPROVED AUG 15, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS